1 | Leigh A. Parker (170565)
lparker@weisslawllp.com
**WEISSLAW LLP**
2 | 1516 South Bundy Drive, Suite 309
Los Angeles, CA 90025
3 | Telephone: 310/208-2800
Facsimile: 310/209-2348
4 |
5 | *Attorneys for Plaintiff Farshid Yassian and the Proposed Class*
6 | [Additional counsel appear on signature page]

7 | UNITED STATES DISTRICT COURT
8 | CENTRAL DISTRICT OF CALIFORNIA
9 | SOUTHERN DIVISION

| | |
|---|---|
| ROBERT WYTAS and DEAN CROMBIE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SCOTT A. MCGREGOR, HENRY SAMUELI, ERIC K. BRANDT, ROBERT E. SWITZ, JOHN E. MAJOR, ROBERT J. FINOCCHIO, NANCY H. HANDEL, EDDY W. HARTENSTEIN, MARIA KLAWE, WILLIAM T. MORROW, HENRY T. NICHOLAS, III, BROADCOM CORPORATION, AVAGO TECHNOLOGIES LIMITED, PAVONIA LIMITED, SAFARI CAYMAN L.P., AVAGO TECHNOLOGIES CAYMAN HOLDINGS, LTD., AVAGO TECHNOLOGIES CAYMAN FINANCE LIMITED, BUFFALO CS MERGER SUB, INC. and BUFFALO UT MERGER SUB, INC.,<br><br>Defendants. | Case No. 15-CV-00979 JVS (PJWx)<br><br>**<u>CLASS ACTION</u>**<br><br>**STIPULATION AND [PROPOSED] ORDER CONSOLIDATING ACTIONS, APPOINTING INTERIM LEAD PLAINTIFF, AND INTERIM LEAD COUNSEL**<br><br>Judge: Hon. James V. Selna<br>Ctrm: 10C, Santa Ana |

[Caption continued on next page]

- 1 -

| | |
|---|---|
| FARSHID YASSIAN and FARSHID YASSIAN AS CUSTODIAN FOR REMY YASSIAN AND RYAN YASSIAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SCOTT A. MCGREGOR, HENRY SAMUELI, ROBERT J. FINOCCHIO, EDDY W. HARTENSTEIN, JOHN E. MAJOR, WILLIAM T. MORROW, ROBERT E. SWITZ, NANCY H. HANDEL, MARIA KLAWE, HENRY T. NICHOLAS, III, BROADCOM CORPORATION, AVAGO TECHNOLOGIES LIMITED, PAVONIA LIMITED, SAFARI CAYMAN L.P., AVAGO TECHNOLOGIES CAYMAN HOLDINGS, LTD., AVAGO TECHNOLOGIES CAYMAN FINANCE LIMITED, BUFFALO CS MERGER SUB, INC. and BUFFALO UT MERGER SUB, INC.,<br><br>Defendants. | Case No.15-CV-01303 JVS (PJWx)<br><br>**CLASS ACTION**<br><br>**STIPULATION AND [PROPOSED] ORDER CONSOLIDATING ACTIONS, APPOINTING INTERIM LEAD PLAINTIFF, AND INTERIM LEAD COUNSEL**<br><br>Judge: Hon. James V. Selna<br>Ctrm: 10C, Santa Ana |

WHEREAS, on May 28, 2015, Broadcom Corporation ("Broadcom" or the "Company") and Avago Technologies Limited ("Avago") announced entry into an Agreement and Plan of Merger dated May 28, 2015, pursuant to which Avago will acquire Broadcom through a series of transactions in which the Company's stockholders may elect to receive (subject to proration): $54.50 in cash; 0.4378 ordinary shares in a newly-formed holding company, Pavonia Limited ("HoldCo"); a

restricted equity security that is the economic equivalent of 0.4378 ordinary shares of HoldCo for each share of Broadcom stock owned, ("Restricted Exchangeable Units"); or a combination thereof (the "Proposed Transaction");

WHEREAS, on June 18, 2015, Plaintiffs Robert Wytas and Dean Crombie ("Wytas" and "Crombie") filed a Complaint for Breach Of Fiduciary Duties on behalf of Broadcom stockholders challenging the Proposed Transaction and alleging, *inter alia*, breaches of fiduciary duty against the Broadcom board of directors (the "Board," together with Avago and its related entities, "Defendants") in Case No. 15-CV-00979 JVS (PJWx) (the "Wytas Complaint");

WHEREAS, on August 14, 2015, plaintiff Farshid Yassian and Farshid Yassian as custodian for Remy Yassian and Ryan Yassian ("Yassian," together with Wytas and Crombie, "Plaintiffs," together with Defendants, the "Parties") filed a Complaint challenging the Proposed Transaction in Case No. 15-CV-01303 JVS (PJWx) (the "Yassian Complaint");

WHEREAS, the Yassian Complaint alleges violations of §§14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") and SEC Rule 14a-9 promulgated thereunder, 17 C.F.R. §240.14a-9, based on alleged misrepresentations and omissions in the Form S-4 Registration Statement filed with the U.S. Securities and Exchange Commission recommending that Broadcom stockholders vote in favor of the Proposed Transaction, and supplemental claims for breach of fiduciary duties against the Board, aiding and abetting claims against Avago and its related entities,

and violation of Cal. Corp. Code §1312(b) and seeks, *inter alia*, to enjoin the Proposed Transaction;

WHEREAS, on September 2, 2015, Plaintiffs Wytas and Crombie filed an amended complaint adding additional allegations as well as claims for violations of Sections 14(a) and 20(a) of the Exchange Act and also seeking to enjoin the Proposed Transaction;

WHEREAS, Broadcom stockholders are expected to vote on the Proposed Transaction in November 2015 ("Stockholder Vote");

WHEREAS, Plaintiff Yassian holds in excess of 10,000 shares of Broadcom Corporation and will be filing a motion to be appointed Lead Plaintiff by the deadline of October 13, 2015, in accordance with the Private Securities Litigation Reform Act, 15 U.S.C. §78u-4 (the "PSLRA");

WHEREAS, each of the Wytas, and Yassian Complaints (together, the "Federal Actions") arise out of the same set of facts involving the proposed merger of defendants Broadcom and Avago and seek similar relief on an expedited basis on behalf of Broadcom stockholders;

WHEREAS, Plaintiffs anticipate seeking expedited discovery and/or injunctive relief from this Court prior to the Stockholder Vote;

WHEREAS, Defendants are amenable to reasonable limited expedited discovery in the Federal Actions and have made an application to stay the parallel

consolidated actions challenging the Proposed Transaction currently pending in the Superior Court of California, Orange County;

WHEREAS, Plaintiffs intend to coordinate their efforts in prosecuting their claims; and

NOW, THEREFORE, the Parties hereby stipulate and agree, by and through their undersigned counsel, that:

**CONSOLIDATION**

1. Pursuant to Fed. R. Civ. P. 42(a), the Federal Actions are hereby related and consolidated into a consolidated action (the "Consolidated Action") for all purposes including pre-trial proceedings and trial.

2. When a class action that relates to the same or similar subject matter, arises out of the same or similar transactions or events, and/or raises the same or similar claims as the Consolidated Action or any of the actions subsumed therein (a "Related Action") is subsequently filed in, removed to, or transferred to this Court by any plaintiff, the Clerk of Court shall:

    a. file a copy of this Order in the separate file for such Related Action;

    b. mail a copy of this Order to the attorneys for the plaintiff(s) and any new defendant(s) in such Related Action; and

    c. make appropriate entry in the Master Docket.

3. This Order shall apply to the Federal Actions and to each and every Related Action that is subsequently filed in, removed to, or transferred to this Court. Each such Related Action shall be consolidated with the Consolidated Action, and this Order shall apply thereto, unless a party with good cause objects to consolidation as provided herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief, and this Court deems it appropriate to grant such application for good cause shown.

4. Every pleading filed in the Consolidated Action, or in any separate action included herein, shall bear the following caption:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE BROADCOM CORPORATION MERGER LITIGATION | Lead Case No. 15-CV-00979 JVS (PJWx) |
| | MASTER FILE |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

5. All papers filed by the parties and all Orders of this Court shall be entered into the docket of the Lead Case, No. 15-CV-00979 JVS (PJWx) ("Master Docket"). A copy of this Order shall be placed in all dockets in the Federal Actions. The Clerk of the Court is directed to close each of those dockets, other than the Master Docket.

## APPOINTMENT OF INTERIM LEAD PLAINTIFF
## <u>AND INTERIM LEAD COUNSEL</u>

6. Farshid Yassian is appointed Interim Lead Plaintiff for the Class ("Interim Lead Plaintiff") in the Consolidated Action.

7. Interim Lead Plaintiff's selection of Counsel is approved. The law firm of WeissLaw, LLP is appointed Interim Lead Counsel in the Consolidated Action ("Interim Lead Counsel").

8. Interim Lead Counsel is vested by the Court with the following responsibilities and duties:

    a. To coordinate the preparation and filing of subsequent pleadings;

    b. To coordinate the briefing and argument of motions;

    c. To coordinate the initiation and conduct of discovery proceedings including, but not limited to, the preparation of joint written interrogatories and Requests for the Production of Documents;

    d. To coordinate the examination of witnesses by interrogatories and oral depositions and otherwise;

    e. To coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

    f. To initiate and conduct all settlement negotiations with counsel for the defendants; and

    g. To perform such other duties as may be expressly authorized by further order of the Court.

9. Interim Lead Counsel shall have the authority to speak for Lead Plaintiff in matters regarding pretrial procedure and settlement negotiations. Defendants' counsel may rely upon all agreements made with the Interim Lead Counsel or other duly authorized representative(s) of Interim Lead Plaintiff, and such agreements shall be binding on Interim Lead Plaintiff.

10. No motion, request for discovery, or other pretrial proceeding shall be initiated or served by anyone except through Interim Lead Counsel.

11. Defendants take no position with regard to the appointment of Interim Lead Plaintiff or Interim Lead Counsel in the Consolidated Action.

12. The court may consider appointment of a final Lead Plaintiff upon completion of the statutory requirements of the PSLRA, 15 U.S.C. §78u-4(a)(3).

13. Counsel for all parties shall call to the attention of the Clerk of the Court the filing or transfer of any potentially Related Action which might properly be consolidated as part of the Consolidated Action, and counsel shall assist in assuring that counsel in such subsequent actions receive notice of this Order.

14. The terms of this Order shall not have the effect of making any person, firm or entity a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure. The terms

of this Order shall not constitute a waiver by any party of claims or defenses to any action.

Dated: September 7, 2015

**IT IS SO STIPULATED:**

| WEISSLAW LLP | WILSON SONSINI GOODRICH & ROSATI |
|---|---|
| By: */s/ Leigh A. Parker*<br>Joseph H. Weiss<br>Richard A. Acocelli<br>Leigh A. Parker | By: */s/ Catherine E. Moreno*<br>Boris Feldman<br>Catherine E. Moreno<br>Ignacio E Salceda |
| *Attorneys for Plaintiffs Farshid Yassian and Farshid Yassian as Custodian for Remy Yassian and Ryan Yassian and Proposed Interim Lead Counsel* | *Attorneys for Broadcom Corporation, Scott A. McGregor, Henry Samueli, Robert J. Finocchio, Eddy W. Hartenstein, John E. Major, William T. Morrow, Robert E. Switz, Nancy H. Handel and Maria Klawe* |
| ROBBINS GELLER RUDMAN & DOWD LLP | LATHAM & WATKINS LLP |
| By: */s/ David T Wissbroecker*<br>David T Wissbroecker | By: */s/ Sarah E. Diamond*<br>Patrick E. Gibbs<br>Brian T. Glennon<br>Sarah E. Diamond |
| *Attorneys for Plaintiffs Robert Wytas and Dean Crombie* | *Attorneys for Defendants Avago Technologies Limited, Pavonia Limited, Safari Cayman L.P., Avago Technologies Cayman Holdings Limited, Avago Technologies Cayman Finance Limited, Buffalo CS Merger Sub, Inc., and Buffalo UT Merger Sub, Inc.* |
| ROBBINS ARROYO LLP | |
| By: */s/ Stephen J. Oddo*<br>Brian J. Robbins<br>Stephen J. Oddo | |
| *Attorneys for Plaintiffs Robert Wytas and Dean Crombie* | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2015, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses noted on the attached Electronic Service List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 7, 2015, at Los Angeles, California.

        */s/ Leigh A. Parker*
Leigh A. Parker
lparker@weisslawllp.com
WeissLaw LLP
1516 South Bundy Drive, Suite 309
Los Angeles, CA 90025
Telephone: 310/208-2800

**Mailing Information for a Case 8:15-cv-01303-JVS (PJWx)
Yassian v. McGregor, et al.**

Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case:

**Sarah E Diamond**
faraz.mohammadi@lw.com, nathan.saper@lw.com, #ocecf@lw.com, karen.patterson@lw.com, sarah.diamond@lw.com

**Brian T Glennon**
eileen.longo@lw.com, brian.glennon@lw.com, marcy.priedeman@lw.com, alexandra.welch@lw.com

**Catherine E Moreno**
pmarquez@wsgr.com, cmoreno@wsgr.com

**Leigh A Parker**
lparker@weisslawllp.com

**Patrick E Gibbs**
 #svlitigationservices@lw.com, zoila.aurora@lw.com, patrick.gibbs@lw.com

**Boris Feldman**
boris.feldman@wsgr.com

**Mailing Information for a Case 8:15-cv-0979-JVS (PJWx)
Robert Wytas v. Scott McGregor, et al.**

Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case:

**Sarah E Diamond**
faraz.mohammadi@lw.com, nathan.saper@lw.com, #ocecf@lw.com, karen.patterson@lw.com, sarah.diamond@lw.com

**Boris Feldman**
boris.feldman@wsgr.com

**Edward Michael Gergosian**
egergosian@robbinsarroyo.com

**Patrick E Gibbs**
 #svlitigationservices@lw.com, zoila.aurora@lw.com, patrick.gibbs@lw.com

**Brian T Glennon**
eileen.longo@lw.com, brian.glennon@lw.com, marcy.priedeman@lw.com, alexandra.welch@lw.com

**Catherine E Moreno**
pmarquez@wsgr.com, cmoreno@wsgr.com

**Stephen J Oddo**
soddo@robbinsarroyo.com, notice@robbinsarroyo.com

**Brian J. Robbins**
brobbins@robbinsarroyo.com, notice@robbinsarroyo.com

**Ignacio E Salcedo**
isalceda@wsgr.com

**David T Wissbroecker**
dwissbroecker@rgrdlaw.com, e_file_sd@rgrdlaw.com