JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE BROADCOM CORPORATION STOCKHOLDER LITIGATION | Lead Case No.<br>SA 15 CV 00979 JVS (PJWx)<br>consolidated with SACV 15-01303 JVS |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS<br>MA | **ORDER AND FINAL JUDGMENT** |

WHEREAS, this matter came for hearing on February 27, 2017 (the "Settlement Hearing"), on the application of Plaintiffs and Defendants (defined below), to determine whether the terms and conditions of the Stipulation and Agreement of Compromise and Settlement (the "Stipulation") are fair, reasonable, adequate and in the best interest of the Class Members for the settlement of all claims asserted by Plaintiffs, Iron Workers Mid-America Pension Plan, Oklahoma Firefighters Pension and Retirement System and New Jersey Building Laborers Statewide Pension Fund, against Defendants Scott A. McGregor, Henry Samueli, Henry Nicholas, Robert Switz, Eric K. Brandt, John E. Major, Nancy H. Handel, Robert J. Finocchio, Maria M. Klawe, Eddy W. Hartenstein, William T. Morrow, Avago Technologies Limited, Pavonia Limited, Safari Cayman L.P., Avago Technologies Cayman Holdings Ltd., Avago Technologies Cayman Finance Limited, Buffalo CS Merger Sub, Inc., and Buffalo UT Merger Sub, Inc., in the above-captioned Litigation, and should be approved; and whether judgment should be entered dismissing the Litigation on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Class herein, and releasing the Released Claims as against all Released Parties.

WHEREAS, the Court having considered all matters submitted to it at the Settlement Hearing and otherwise;

**NOW THEREFORE, IT IS HEREBY ORDERED:**

This Order and Final Judgment hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation.

This Court has jurisdiction to enter this Order and Final Judgment. The Court has jurisdiction over the subject matter

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

1

CORPORATE DISCLOSURE STATEMENT AND NOTICE
OF INTERESTED PARTIES
CASE NO: 8:15-CV-00979-JVS-PJW

2169806.1

of the Litigation and over all parties to the Litigation, including all Class Members.

The Court hereby certifies, for settlement purposes only, pursuant to Rule 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure, a Settlement Class defined as:

**ALL RECORD AND BENEFICIAL OWNERS OF BROADCOM CLASS A COMMON STOCK WHO OWNED OR HELD BROADCOM CLASS A COMMON STOCK FROM MAY 27, 2015 THROUGH AND INCLUDING FEBRUARY 1, 2016 (THE "CLASS PERIOD"), INCLUDING ANY AND ALL OF THEIR RESPECTIVE SUCCESSORS IN INTEREST, PREDECESSORS, REPRESENTATIVES, TRUSTEES, EXECUTORS, ADMINISTRATORS, HEIRS, ASSIGNS, OR TRANSFEREES, IMMEDIATE AND REMOTE, AND ANY PERSON OR ENTITY ACTING FOR OR ON BEHALF OF, OR CLAIMING UNDER, ANY OF THEM, AND EACH OF THEM (THE "SETTLEMENT CLASS," TO BE COMPOSED OF "CLASS MEMBERS").**

**EXCLUDED FROM THE CLASS ARE DEFENDANTS, MEMBERS OF THE IMMEDIATE FAMILY OF ANY DEFENDANT, ANY ENTITY IN WHICH A DEFENDANT HAS OR HAD A CONTROLLING INTEREST, AND THE LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS, OR ASSIGNS OF ANY SUCH EXCLUDED PERSON.**

With respect to the Settlement Class, this Court finds that the prerequisites for a class action under Rules 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure have been satisfied, in that: (a) the members of the Settlement Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims by Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Class Members; (e) separate actions by individual Class Members would create a

risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendants or would, as a practical matter, create adjudications that would be dispositive of the interests of the other members not parties to the individual adjudications and would substantially impair or impede their ability to protect their interests; and (f) Defendants have acted on grounds that apply generally to the Class such that declaratory relief is appropriate respecting the Settlement Class as a whole.

Notice of the pendency of the Litigation as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the Litigation as a class action and of the terms and conditions of the proposed Settlement met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Class Members, advising them of the Settlement, and of their right to object thereto, and a full

and fair opportunity was accorded to all persons and entities who are Class Members to be heard with respect to the Settlement. Thus, it is hereby determined that all Class Members are bound by this Order and Final Judgment. The two requests for exclusion that have been received by the Settlement Administrator are hereby rejected as invalid.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of Class Members. This Court further finds that the Settlement set forth in the Stipulation is the result of arm's length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

The Court finds and concludes that Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Litigation.

The Second Amended Complaint is hereby dismissed on the merits with prejudice as against the Released Parties and without costs except for the payments expressly provided for in the Stipulation.

Upon the Effective Date of the Settlement, Plaintiffs, all other Class Members and Defendants shall be deemed to have released, dismissed and forever discharged the Released Claims against each and all of the Released Parties, with prejudice and on the merits, without costs to any party.

Upon the Effective Date of the Settlement, Plaintiffs and each and every other member of the Settlement Class, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors and assigns, shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Claims against any of the Released Defendant Parties.

The fact and terms of the Stipulation, including Exhibits thereto, this Order and Final Judgment, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

a. shall not be offered or received against the Released Parties or the other members of the Settlement Class as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties or the other members of the Settlement Class with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

b. shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against any of the other members of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs and the other members of the Settlement Class;

c. shall not be offered or received against the Released Parties or the other members of the Settlement Class as evidence of a presumption, concession or admission with respect to any liability,

negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties to the Stipulation, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

d. shall not be construed against the Released Parties, Lead Counsel or the other members of the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

e. shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the other members of the Settlement Class or any of them that any of their claims are without merit.

        The Court reserves jurisdiction, without affecting in any way the finality of this Order and Final Judgment; over: (a) implementation and enforcement of the Settlement; (b) enforcing and administering this Order and Final Judgment, (c) enforcing and administering the Stipulation, including any releases and bar orders executed in connection therewith; and (d) other matters related or ancillary to the foregoing.

        A separate order shall be entered regarding Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses as allowed by the Court.

Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; and (b) the fact of the Settlement shall not be admissible in any trial of the Litigation, and the Plaintiffs reserve their rights to proceed in all respects as if this Settlement had not been entered into and without any prejudice in any way from the negotiation, fact or terms of this Settlement; provided, that the Parties reserve their rights to revisit the scheduling order for the conduct of discovery in this Litigation.

Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

There is no just reason for delay in the entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is expressly directed

IT IS SO ORDERED.

Dated: February 27, 2017

_____
Honorable James V. Selna
United States District Judge